## MITCHELL vs. MITCHELL.

An action for mesne profits cannot be maintained before a recovery in eject-
ment; such action is consequential to the recovery in ejectment.

THIS is an action of trespass, instituted in Charles county court, to recover the *mesne profits* of a tract of land lying in said county, called "Myrtle Grove." The plaintiff to support her case, offered to prove, that it was in the possession of those under whom she claims, from the year 1817 to that of 1841, when the defendant entered and took possession, claiming it as the property of his son; she also notified the court that this proof was offered, to show legal title in her, as heir of James D. Mitchell, and that it would be followed by evidence, showing that her agent entered on the land, and demanded possession from the defendant, and that it was refused; the demand and refusal being more than one year prior to the institution of this action. The court refused to allow the testimony to go to the jury, and it is this refusal which constitutes the ground of the exception of the appellant.

---

Mitchell *vs.* Mitchell.

---

This case was argued during the present term before LE GRAND, C. J., and ECCLESTON, TUCK and MASON, J.

By *Robert J. Brent* for the appellant, and *Digges* and *Causin* for the appellee.

*Brent* for the appellant, referred to *Dorsey on Ejectment*, 78, 79; 47, *note* 10, 11. If a tract of land is located, the party may give in evidence any title paper, without its being located, if it conveys the whole of the tract, or that part which is located.

In this case the plaintiff offered to prove the true location of "Myrtle Grove," and that this tract of land acquired that name by reputation; also to prove possession from 1817 to 1841. The wills of F. J. Mitchell and James D. Mitchell. The whole of the testimony was rejected by the court.

We insist, that the party may offer testimony in what order he pleases. 9 *G. & J.*, 476, 497. *Dorsey on Ejectment*, 33. 5 *Taunton*, 326. 1 *Marshall*, 68. *Buller's Nisi Prius*, 103. As to the possession to maintain trespass: The entry of the heir vests the possession, and he may bring trespass.

An action of trespass for mesne profits may be brought, without first obtaining a verdict in ejectment. Judgment in ejectment will support an action for mesne profits, because of the confession of lease, entry and ouster. But ejectment is not necessary to support an action for mesne profits. *Buller's N. P.*, 87, *(b.)* 2 *Starkie on Ev.*, 435. 2 *Roscoe on Real Actions*, 29 *Law Lib.*, *pp.* 663, 705, 709. *Brown on Actions*, 299, in 45 *Law Lib.* *Buller's Nisi Prius*, 87, *(a.)* 2 *Starkie on Ev.*, 433.

The entry and demand of possession, is such an entry as relates back to the death of the ancestor of the heir, although the heir does not actually get the possession, but the wrong doer still holds it. The consent rule in ejectment shows. See also 1 *Chit. on Plead.*, 176, 177. 14 *Eng. C. L. Rep.*, 59. A party may enter by an agent. 1 *Buller's N. P.*, 103. 2 *Green*, 312. 3 *Thomas' Coke*, 81, *top.*

Mitchell *vs.* Mitchell.

*Causin* for appellee.

All the evidence was offered to show title, and nothing shows that there was any more evidence. The court cannot assume that there was any other evidence. *Best on Principles of Evidence,* 75, 83, 85, 277, in 56 *Law Lib.* The court are to judge of the sufficiency of the evidence.

To support an action of trespass, it must be proved, that at the time of the trespass the plaintiff was in possession. There must be an actual possession. 7 *G. & J.,* 332.

When defence is taken on warrant, the plaintiff must prove his title, if he relies on his title. 5 *Gill,* 315. See also 2 *G. & J.,* 205. 7 *G. & J.,* 68.

The action for mesne profits, is an action founded on the relation of landlord and tenant. 1 *H. & G.,* 403.

There must be an ejectment and recovery therein to support an action for mesne profits. If not, the plaintiff might recover the mesne profits, and then fail in an ejectment suit. 8 *Wend.,* 590. It is a technical action of trespass, and is consequent upon a judgment in ejectment. See also 9 *Vermont,* 142.

The doctrine of the relation of an entry, is only applicable where the party actually gets the land and is in the possession. 1 *H. & McH.,* 275. 10 *G. & J.,* 456. The consent rule is not sufficient in such a case as this. 11*th Peters,* 52. If there be an entry, suit must be brought within a year. 4*th* and 5*th Anne, ch.* 3. 3 *Step. Nisi Prius,* 263. There must be an entry and actual possession, to maintain trespass. 10 *Pick.,* 62,–'3, '4. 1*st Medcalf,* 533. 8 *Mass.,* 415. Possession in fact. 1*st Chit. on Plead.,* 177.

The cases cited by Mr. Brent, (Taunton, Roscoe, &c.,) all show that actual possession is necessary. 7 *Barn. and Cres.,* 388, 399, in 14 *Eng. C. L. Rep.* He who enters and takes possession may sue.

*Digges* on the same side.

7 *G. & J.,* 321. 6 *Bac. Abr.,* 566. *Trespass.* This action cannot be maintained while the land is in the possession of

8      *v. 1*

another. 2 *Saund. Plead. and Evidence*, 868. *Trespass.* 1*st Burrows*, 665. The heir must acquire the possession in fact before suit. This action will not lie, until after judgment in ejectment. · 3 *H. & J.*, 84, *Shipley vs. Alexander.* 1 *Peters C. C. R.*, 299, *Brown vs. Gallaway.*

*Brent* for appellant.

There is nothing to show that all the testimony was in the exception. As to 1*st H. & McH.*, 275, it is contradicted by 10 *G. & J.*, 456. As to the necessity of a suit within a year after entry, there is nothing in the exception to show that we entered more than a year before, but that we offered so to prove.

We do not rely upon an entry under the statute of James, but on the common law.

The opinion of the court was delivered by Le Grand, C. J., who, after stating the case as above, proceeded:

We think the evidence was properly rejected by the county court. This is an action for *mesne profits*, and, although we have made the most diligent search, we have been unable to find a single reported case, in which such an action has been maintained *before* a recovery in ejectment. The labors of the learned counsel for the appellant, so far as this court is informed, were attended, in this particular, with no better success. In *all* the cases to which we have had reference, in which an action for *mesne profits* was maintained, it appeared, there had been a *previous recovery in ejectment*, and in the elementary treatises the action is declared to be, "consequential to the recovery in ejectment." 2 *Stephens Nisi Prius*, 1489. The origin of this action is thus explained in *Adams on Ejectment*, 379: "Whilst," says that writer, "the action of ejectment remained in its original state, and the ancient practice prevailed, the measure of the damages given by the jury, when the plaintiff recovered his term, were the profits of the land accruing during the tortious holding of the defendant. But as upon the introduction of the modern system, the proceedings became altogether fictitious, and the plaintiff merely

nominal, the damages assessed became nominal also; and they have not since that time included the injury sustained by the claimant, from the loss of his possession. It was therefore necessary, to give another remedy to the claimant for these damages; and this was effected by a new application of the common action of trespass *vi et armis*, generally termed an action for *mesne profits*, in which action, the plaintiff complains of his ejection and loss of possession, states the time during which the defendant (the real tenant,) held the lands and took the rents and profits, and prays judgment for the damages which he has thereby sustained." At page 382 of the same writer, it is said: "The action for *mesne profits* may be brought *pending* a writ of error in ejectment, and the plaintiff may proceed to ascertain his damages, and to sign his judgment; *but the court will stay execution until the writ of error is determined.*" These views are fully sustained by the references made by the author, and show that this action was prematurely brought.

It being conceded in argument, by counsel for appellant, that there had been no recovery in ejectment, prior to the institution of this action, this court cannot send it back to supply proof, which it is admitted has no existence.

*Judgment affirmed.*