•HORACE H. DAY, PLAINTIFF IN ERROR, *v.* W. JAMES WOOD-
WORTH, MILLER TURNER, WILLIAM W. PYNCHORN, ROBERT
L. FULLER, ANDREW SISSON, HARVEY CLEMENCE, THOMAS
BOLTON, MERRET BRISTOL, JOSEPH BOWEN, ANDREW ELMAN-
DORF, SETH G. POPE, EDWARD GORHAM, EPHRAIM C. BRETT,
ARNOLD TURNER, MARCUS TOBY, GEORGE J. KIPP, JOHN B.
BUMP, —— ATTHOUSE, ERASTUS BROWN, ERASTUS F. RUSSELL,
JOHN C. RUSSELL, ASA C. RUSSELL, EDWARD P. WOOD-
WORTH, LORING G. ROBBINS, LORENZO H. RICE, AND MARK
ROSSITER.

Where an action of trespass *quare clausum fregit* was brought, and the defendants
justified, and the court allowed the defendants, upon the trial, to open and close
the argument, this ruling of the court is not a proper subject for a bill of ex-
ceptions.
The suit being brought by the owner of a mill-dam below, against the owners of a
mill above, for forcibly taking down a part of the dam, upon the allegation that it
injured the mill above, it was proper for the court to charge the jury, that, if they
found for the plaintiff, upon the ground that his dam caused no injury to the mill
above, they should allow, in damages, the cost of restoring so much of the dam as
was taken down, and compensation for the necessary delay of the plaintiff's mill;
and they might also allow such sum for the expenses of prosecuting the action,
over and above the taxable costs, as they should find the plaintiff had necessarily
incurred, for counsel-fees, and the pay of engineers in making surveys, &c.
But if they should find for the plaintiff, on the ground that the defendants had taken
down more of the dam than was necessary to relieve the mill above, then, they
would allow in damages the cost of replacing such excess, and compensation for
any delay or damage occasioned by such excess; but not any thing for counsel-fees
or extra compensation to engineers, unless the taking down of such excess was
wanton and malicious.
In actions of trespass, and all actions on the case for torts, a jury may give exem-
plary or vindictive damages, depending upon the peculiar circumstances of each
case. But the amount of counsel-fees, as such, ought not to be taken as the measure
of punishment, or a necessary element in its infliction.
The doctrine of costs explained.
Whether the verdict would carry costs or not, was a question with which the jury had
nothing to do.

THIS case was brought up, by writ of error, from the Circuit
Court of the United States for the District of Massachusetts.

It was an action of trespass *quare clausum fregit* brought by
Day, a citizen of New York, against the defendants in error,
citizens of Massachusetts, for pulling down a mill-dam within
the town of Great Barrington, in the county of Berkshire,
Massachusetts.

The defendants put in a plea of not guilty, and also a special
plea of justification, viz.:

And the defendants further say, that at the time when the
said trespasses are alleged to have been committed, and for a
long time previously thereto, and prior to, and at the time of the
erection of the said plaintiff's said dam, certain mills and a cer-
tain mill-dam, the property of, and in the use and possession of

the Berkshire Woollen Company, (a corporation duly established by the laws of the State of Massachusetts,) had been and were then lawfully erected and maintained, by, upon, and across said stream on which plaintiff's dam was built; that while said mills and dam were thus erected and maintained, and used by said corporation, the plaintiff unlawfully caused to be erected in said stream, and below said dam, and at the time of said alleged trespass, unlawfully caused to be maintained therein the said dam in his declaration mentioned, in such manner as to injure the said mills and dam of the said corporation; that the defendants, by direction of said Berkshire Woollen Company, and as their agents and servants, did enter upon the said plaintiff's close, and did break down and demolish said plaintiff's dam, in the manner least injurious to said dam; that they broke down and demolished no more of said dam than was necessary to remove or relieve the injury to said company's mills and dam caused by the maintenance of said plaintiff's said dam as aforesaid, and that said defendants did not break and enter the plaintiff's close, any further or otherwise, nor thereupon use more force or violence, than were reasonably necessary to relieve the injury aforesaid.

The plaintiff joined issue upon the plea of not guilty, and replied to the special plea as follows:

And as to the said plea of the said defendants by them first above pleaded, the said plaintiff says, that he ought not to be barred from having and maintaining his aforesaid action thereof against them; because he says, that although true it is that at the said time when, &c., the said Berkshire Woollen Company were then the owners and possessed of the said mills and dam in the said plea mentioned, and although true it is that the said mills and dam were upon and across the same stream on which the said plaintiff's dam then was, and although true it was that the said defendants committed the said trespasses by command of the said corporation, for replication nevertheless in this behalf, the said plaintiff says, that the said defendants of their own wrong and without the residue of the cause in their said plea alleged, broke and entered the close of the said plaintiff, and tore down and destroyed the said dam, and committed the said trespasses in the introductory part of the said plea mentioned, in manner and form as the said plaintiff hath above complained, and this he prays may be inquired of by the country. Wherefore he prays judgment and for his costs.

By B. R. Curtis, Esq., *his Attorney.*

And the defendants do the like.

By William Whiting, Esq., *their Attorney.*

Upon the trial, the jury came into court once for instructions, and afterwards returned three times with verdicts.

The final verdict was as follows:

In the above-entitled cause the jury find that the reduction of the said dam of the said plaintiff, to the extent of three inches for its entire length, was justified; but that the further reduction was not justified; and so the jury find that the said defendants, of their own wrong, and without the residue of the cause by the said defendants in their said first plea alleged, committed the trespasses in the said plea mentioned, in manner and form as the said plaintiff hath, in his said declaration, complained; and thereof assess damages in the sum of two hundred dollars.

ROBERT ORR, <em>Foreman.</em>

Whereupon the court entered up judgment for two hundred dollars damages, without costs. The reason why the judgment was entered "without costs" may be seen by a reference to a book recently published by Stephen D. Law, Esq., p. 256. The book is upon the jurisdiction and practice of the United States Courts.

The bill of exceptions contains the proceedings of the court with respect to these several verdicts, and was as follows:

### Bill of Exceptions.

This is an action of trespass for breaking and entering the plaintiff's close and tearing down his mill-dam. The defendants justified under an alleged right to enter, &c., because the dam was a nuisance to mills above, on the same stream, belonging to the Berkshire Woollen Company, whose servants the defendants were, and that, by command of the said company, the defendants entered and took down so much and no more of the said dam as was necessary to relieve the mills above.

At the trial the defendants claimed the right to begin and offer their evidence first, and open and close the argument. The plaintiff claimed the same right. The presiding judge ruled in favor of the defendants, and the plaintiff's counsel excepted to the ruling. The presiding judge instructed the jury in his first summing up, that the defendants had a right by law to enter the plaintiff's close, and to take down so much of the plaintiff's dam as was necessary to relieve the mills above from all practical injury occasioned by that dam; but that if the defendants had taken down more of the dam than was necessary for that end, or if none was necessary to be taken down for that end, the jury must find for the plaintiff.

That if the jury should find for the plaintiff on the last ground, viz. that the plaintiff's dam caused no injury to the mills above, the plaintiff was entitled to a complete indemnity,

31

and the jury would allow in damages the cost of restoring so much of the dam as was taken down, and compensation for necessary delay of plaintiff's mill; and they might also allow such sum for the expenses of prosecuting the action, over and above the taxable costs, as they should find the plaintiff had necessarily incurred for counsel-fees and the pay of engineers in making surveys, &c. But if the jury should find for the plaintiff on the first ground, viz. in that the defendants had taken down more of the dam than was necessary to relieve the mills above, unless such excess was wanton and malicious, then the jury would allow in damages the cost of replacing such excess, and compensation for any delay or damage occasioned by such excess, but not any thing for counsel-fees or extra compensation to engineers.

The plaintiff's counsel requested the court to instruct the jury that they might allow counsel-fees, &c. if there was any excess in taking down more of the dam than was justifiable, and gave as a reason that the defendants thereby became trespassers *ab initio.* The presiding judge instructed the jury as above set forth on this point.

After being charged by the presiding judge, the jury retired, and subsequently came into court for instructions, preferring a written request, as follows:

*U. S. C. C. Jury Room,* Dec. 8, 1849.

To his Honor Judge Sprague:

If the jury find that the plaintiff's dam was too high and ought to be reduced, but not to the extent of the reduction by the defendants, can the jury find a verdict to that effect for the plaintiff according to law? if so, can they find damages for the excess of such reduction? R. Orr, *Foreman.*

Thereupon the presiding judge gave anew the instructions above set forth, except that he instructed them not to allow any thing for counsel-fees, &c. if they should find that the reduction of the dam to any extent was justifiable. The jury again retired, and subsequently returned into court with a written paper, in the words following:

*U. S. C. C. Jury Room,* Dec. 8, 1849.

In the case of H. H. Day against Woodworth et al. the jury find that the reduction of the plaintiff's dam to the extent of three inches for its entire length justifiable. The jury further find that the defendants pay to the plaintiff the sum of one thousand dollars in full for such excess of reduction and delay.

Robert Orr, *Foreman.*

The plaintiff asked to have a verdict presented to the foreman

for his signature, following the words of the issue. The presiding judge stated that he was not prepared to say to the jury that that would be the same in substance as their finding, and ruled that the verdict, to be presented to the foreman for his signature, should also set forth that part of the finding that the plaintiff's dam was lawfully reduced to the extent of three inches throughout its entire length. There was no evidence that the defendants had reduced the plaintiff's dam through its entire length, but it appeared that the plaintiff's dam was one hundred and twelve feet long, and that the part cut down by the defendants was the most westerly part, about fifty-four feet in length, and that this fifty-four feet was cut down about _____ inches, and that this would have the effect of reducing the obstruction presented by the dam more than three inches for its entire length.

To the above rulings of the presiding judge the plaintiff excepted.

In this stage of the proceedings, the defendants' counsel desired of the presiding judge to inquire of the jury whether something for counsel-fees was not included in the sum of one thousand dollars mentioned in said finding of the jury.

The presiding judge being of opinion that there was no evidence which would warrant the jury in finding damages to the amount of one thousand dollars for the said excess of reducing the dam, without expressing this opinion, made the inquiry requested, to which the foreman answered, that they did not allow any thing for counsel-fees, but only for the excess and delay, as appeared by the written verdict. The defendants' counsel then urged that the written verdict said that the sum of one thousand dollars was to be in full, and requested the presiding judge to ask the jury if they did not allow that sum in the expectation that the plaintiff was to recover no more. The foreman of the jury responded in substance as before but one of his fellows said he understood the plaintiff was to recover no more, and that each party was to pay his own costs, and that he had agreed to the verdict on that understanding. This understanding was denied by another of the jury, and the presiding judge then said that it must be the verdict of each juror, and that this was not the verdict of the one who said he had agreed to it on the misunderstanding, and therefore the presiding judge proceeded to sum up anew on the subject of damages, referring to the evidence, and giving to the jury substantially the instructions, in point of law, before given, and adding that, if the plaintiff should recover $1,000 damages, he would, as the prevailing party, by law recover his taxable costs; and having so done, directed the jury again to retire; to this proceeding the plaintiff's counsel excepted. Subsequently, the jury again returned into

court, and brought in a second verdict, in writing, in the words following:

*U. S. C. C. Jury Room, Boston,* Dec. 8, 1849.

In the case of Horace H. Day *v.* Woodworth et al. the jury find that the reduction of the plaintiff's dam to the effect of three inches for its entire length was justifiable.

The jury further find, that the defendants pay to the plain-tiff the sum of two hundred dollars for such excess of reduction and delay. ROBERT ORR, *Foreman.*

This verdict was put in the form in which it appears on the record, but before it was signed the plaintiff's counsel suggested to the presiding judge, that, as the jury had been instructed that in one event the plaintiff would recover costs, some of the jury might have agreed to this verdict with that understanding, and requested that this inquiry might be made of the jury; thereupon the presiding judge inquired of the jury whether, in rendering this verdict, they had any reference to costs, and the foreman of the jury, having replied that they had not, was about to sign the verdict, when one of his fellows objected, and stated that he had agreed to the verdict in the belief that, as prevailing party, the plaintiff could recover his costs; thereupon the presiding judge charged the jury a third time on the subject of damages, referring to the evidence, and repeating in substance the instructions in point of law before given; and further instructed them that the plaintiff, recovering only two hundred dollars, would not recover costs, and that it would be a violation of their oaths to have any regard to the costs, it being their duty to find the actual damage proved, and no more, and directed them again to retire; which having done, they brought in the verdict which appears of record. To all these proceedings the plaintiff excepted, and prayed that his exceptions might be allowed, and that this bill of exceptions might be signed and sealed by his honor the judge; all of which being found true, the same is accordingly signed and sealed.

PELEG SPRAGUE, [SEAL.]
*Judge of the U. S. Mass. District.*

Upon this exception the case came up to this court, and was argued by *Mr. Gillet,* for the plaintiff in error, no counsel appearing for the defendants.

*Mr. Gillet* made the following points:

*First.* The affirmative was with the plaintiff, and he had the right to introduce evidence first, and the right to open and close the argument. Burrill's Practice, 233.

Where the general issue is pleaded, the plaintiff has always the right to begin.    Carter v. Jones, 6 Carr. & Payne, 64 ; Colton v. James, 1 Moo. & Mal. 273, 275, and 505; Cooper v. Wakley, 3 Carr. & Payne, 474 and note ; Fish v. Travers, 3 Carr. & Payne, 578 ; Price v. Seaward, 1 Carr. & Marsh. 23; Booth v. Millns, 15 Mees. & Wels. 669 ; Cripps v. Wells, 1 Carr. & M. 489 ; Mercer v. Whall, 5 Adol. & El. (n. s.) 447 ; Harrison v. Gould, 8 Carr. & P. 580 ; Ayer v. Austin, 6 Pick. 225 ; Brooks v. Barrett, 7 Pick. 94 ; Ware v. Ware, 8 Maine, 42 ; Lunt v. Wormell, 19 Maine, 100, 102 ; Sawyer v. Hopkins, 22 Maine, 268 ; Robinson v. Hitchcock, 8 Met. 64 ; Sullivant v. Reardon, 5 Pike, 140 ; Lexington Ins. Co. v. Paver, 16 Ohio, 324.

*Second.* The judge erred in refusing to instruct the jury, that if the defendants cut down the plaintiff's dam more than was necessary to relieve the mills above, that they were not authorized to allow any thing in addition to cover counsel-fees or extra compensation paid by him to engineers.

*Third.* The judge erred in charging the jury that it would be a violation of their oaths to have any regard to whether their verdict would carry costs or not.

*Fourth.* This being an action of tort the plaintiff was not limited to the actual damages proved ; but the jury were authorized to give him such as the circumstances of the case might indicate as proper; Allen v. Blunt, 2 Woodb. & Min. 121 ; Jennings v. Maddox, 8 B. Mon. 109 ; Whipple v. The Cumberland Man. Co., 2 Story, 661 ; Washburn v. Gould, 3 Story, 136 ; Whitmore v. Cutter, 1 Gall. 478 ; 1 Bald. 328 ; The Apollon, 9 Wheat. 379 ; Staats v. Ex. of Teneyck, 3 Caines, R. 111 ; Kingsbury v. Smith, 13 N. H. R. 122 ; 4 Johns. 1 ; Street v. Patrick, 12 Maine, 9 ; Beal v. Thompson, 3 B. & P. 407 ; Pitkin v. Leavitt, 13 Verm. R. 379 ; Earle v. Sawyer, 4 Mass. 1, 12 ; Boston Man. Co. v. Fiske, 2 Mason, 119, 120 ; Sedgwick on Damages ; Curtis on Patents, &c.

Mr. Justice GRIER delivered the opinion of the court.

The plaintiff in error was plaintiff below in an action of trespass, charging the defendants with tearing down and destroying his mill-dam.    The defendants pleaded in justification that the Berkshire Woollen Company owned mills above the dam of plaintiff, who illegally erected and maintained the same, so as to injure the mills above ; that by direction of said company, and as their agents and servants, they did enter plaintiff's close, and did break down and demolish so much of the plaintiff's dam as was necessary to remove the nuisance and injury to the mills above, and no more, and as they lawfully might.    To this plea the plaintiff replied *de injuria*, &c.

On the trial of this issue, the defendants " claimed the right to begin and offer their evidence first, and open and close the argument.. The plaintiff claimed the same right. The court ruled in favor of the defendants, to which the plaintiff excepted." This ruling of the court is now alleged as error.

Our attention has been pointed to numerous decisions of English and American courts on this subject, which we think it unnecessary to notice more particularly, than to state, that the question whether a defendant in trespass who pleads a plea in justification only, has a right to begin and conclude, has been differently decided in different courts. It is a question of practice only, and depends on the peculiar rules of practice which the court may adopt. The English courts have regretted that an objection to the ruling of the court at *nisi prius* on this question should ever have been permitted to be received as a ground for a new trial. But although a court may sometimes grant a new trial where the judge has not accorded to a party certain rights to which, by the rules of practice of the court, he may be justly entitled, we are of opinion that the ruling of the court below on such a point is not the proper subject of a bill of exceptions or a writ of error. A question as to the order in which counsel shall address the jury does not affect the merits of the controversy. As a matter of practice, the Circuit Court of Massachusetts had a right to makes its own rules. The record does not show that the rule of the court is different from their judgment on this occasion. So that the plaintiff has failed to show any error in the decision, assuming it to be a proper subject of exception.

The great question, on the trial of this case, appears to have been whether the plaintiff's dam was higher than he had a right to maintain it, and if so, whether the defendants had torn down more of it, or made it lower than they had a right to do.

The plaintiff's counsel requested the court to instruct the jury that " they might allow counsel-fees, &c., if there was any excess in taking down more of the dam than was justifiable, and give as a reason that the defendants thereby became trespassers *ab initio.*"

The court instructed the jury " that if they should find for the plaintiff on the first ground, viz., that the defendants had taken down more of the dam than was necessary to relieve the mills above; unless such excess was wanton and malicious, then the jury would allow in damages the cost of replacing such excess, and compensation for any delay or damage occasioned by such excess, but not any thing for counsel-fees or extra compensation to engineers."

Day v. Woodworth et al

This instruction of the court is excepted to, on two grounds. First, because " this being an action of trespass, the plaintiff was not limited to actual damages proved," and secondly, that the jury, under the conditions stated in the charge, should have been instructed to include in their verdict for the plaintiff, not only the actual damages suffered, but his counsel-fees and other expenses incurred in prosecuting his suit.

It is a well-established principle of the common law, that in actions of trespass and all actions on the case for torts, a jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offence rather than the measure of compensation to the plaintiff. We are aware that the propriety of this doctrine has been questioned by some writers; but if repeated judicial decisions for more than a century are to be received as the best exposition of what the law is, the question will not admit of argument. By the common as well as by statute law, men are often punished for aggravated misconduct or lawless acts, by means of a civil action, and the damages, inflicted by way of penalty or punishment, given to the party injured. In many civil actions, such as libel, slander, seduction, &c., the wrong done to the plaintiff is incapable of being measured by a money standard; and the damages assessed depend on the circumstances, showing the degree of moral turpitude or atrocity of the defendant's conduct, and may properly be termed exemplary or vindictive rather than compensatory.

In actions of trespass, where the injury has been wanton and malicious, or gross and outrageous, courts permit juries to add to the measured compensation of the plaintiff which he would have been entitled to recover, had the injury been inflicted without design or intention, something farther by way of punishment or example, which has sometimes been called " smart money." This has been always left to the discretion of the jury, as the degree of punishment to be thus inflicted must depend on the peculiar circumstances of each case. It must be evident, also, that as it depends upon the degree of malice, wantonness, oppression, or outrage of the defendant's conduct, the punishment of his delinquency cannot be measured by the expenses of the plaintiff in prosecuting his suit. It is true that damages, assessed by way of example, may thus indirectly compensate the plaintiff for money expended in counsel-fees; but the amount of these fees cannot be taken as the measure of punishment or a necessary element in its infliction.

This doctrine about the right of the jury to include in their verdict, in certain cases, a sum sufficient to indemnify the plain-

tiff for counsel-fees and other real or supposed expenses over and above taxed costs, seems to have been borrowed from the civil law and the practice of the courts of admiralty. At first, by the common law, no costs were awarded to either party, *eo nomine.* If the plaintiff failed to recover he was amerced *pro falso clamore.* If he recovered judgment, the defendant was *in misericordia* for his unjust detention of the plaintiff's debt, and was not therefore punished with the *expensa litis* under that title. But this being considered a great hardship, the statute of Gloucester, (6 Ed. 1, c. 1,) was passed, which gave costs in all cases when the plaintiff recovered damages. This was the origin of costs *de incremento ;* for when the damages were found by the jury, the judges held themselves obliged to tax the moderate fees of counsel and attorneys that attended the cause. See Bac. Abr. tit. Costs.

Under the provisions of this statute every court of common law has an established system of costs, which are allowed to the successful party by way of amends for his expense and trouble in prosecuting his suit. It is true, no doubt, and is especially so in this country, (where the legislatures of the different States have so much reduced attorneys' fee-bills, and refused to allow the *honorarium* paid to counsel to be exacted from the losing party,) that the legal taxed costs are far below the real expenses incurred by the litigant ; yet it is all the law allows as *expensa litis.* If the jury may, " if they see fit," allow counsel-fees and expenses as a part of the actual damages incurred by the plaintiff, and then the court add legal costs *de incremento,* the defendants may be truly said to be *in misericordia,* being at the mercy both of court and jury. Neither the common law, nor the statute law of any State, so far as we are informed, has invested the jury with this power or privilege. It has been sometimes exercised by the permission of courts, but its results have not been such as to recommend it for general adoption either by courts or legislatures.

The only instance where this power of increasing the " actual damages" is given by statute is in the patent laws of the United States. But there it is given to the court and not to the jury. The jury must find the "actual damages" incurred by the plaintiff at the time his suit was brought; and if, in the opinion of the court, the defendant has not acted in good faith, or has been stubbornly litigious, or has caused unnecessary expense and trouble to the plaintiff, the court may increase the amount of the verdict, to the extent of trebling it. But this penalty cannot, and ought not, to be twice inflicted; first, at the discretion of the jury, and again at the discretion of the court. The expenses of the defendant over and above taxed costs are usually

as great as those of plaintiff; and yet neither court nor jury can compensate him, if the verdict and judgment be in his favor, or amerce the plaintiff *pro falso clamore* beyond tax costs. Where such a rule of law exists allowing the jury to find costs *de incremento* in the shape of counsel-fees, or that equally indefinite and unknown quantity denominated (in the plaintiff's prayer for instruction) "&c.," they should be permitted to do the same for the defendant where he succeeds in his defence, otherwise the parties are not suffered to contend in an equal field. Besides, in actions of debt, covenant, and assumpsit, where the plaintiff always recovers his actual damages, he can recover but legal costs as compensation for his expenditure in the suit, and as punishment of defendant for his unjust detention of the debt; and it is a moral offence of no higher order, to refuse to pay the price of a patent or the damages for a trespass, which is not wilful or malicious, than to refuse the payment of a just debt. There is no reason, therefore, why the law should give the plaintiff such an advantage over the defendant in one case, and refuse it in the other. See Barnard v. Poor, 21 Pickering, 382; and Lincoln v. the Saratoga Railroad, 29 Wendell, 435.

We are of opinion, therefore, that the instruction given by the court in answer to the prayer of the plaintiff, was correct.

The instruction to the jury, also, was clearly proper as respected the measure of the damages, and that the jury had nothing to do with the question whether their verdict would carry costs. The judgment is therefore affirmed.

### *Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Massachusetts, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs, for the defendants in error.