Mr. Justice MacArthur
delivered the opinion of the court:
A question arises in this case whether, in trespass for mesne profits, the statute of limitations bars the plaintiff from recovering damages beyond the rental value of the premises in dispute for a period more than three years prior to the commencement of the action. Our statute of limitations comes from Maryland, and requires this remedy to be brought within three years ensuing the cause of action. This pro-. vision is important, in connection with what is now settled law, viz: that mesne profits cannot be sued for until the premises have been recovered in ejectment. Mitchell vs. Mitchell, 1 Md., 55, and 10 id., 241; Baron vs. Abeel, 3 J. R., 482; 1 Adams on Ejectment, 383. Can the defendant plead this statute so as to protect himself from all the rents and profits, except for three years ? There is no exception which *207 relieves this action from the operation of the statute. But it is argued that the statute cannot be considered as running upon any portion of the plaintiff’s claim until the judgment in ejectment is rendered, as it is only from that time the right of action accrued. This equitable consideration, however, loses much of its force when we remember that the plaintiff was entitled during the whole period that the defendant held wrongful possession to maintain an action of trespass quare clausum-fregit for injuries done to the premises and for antecedent profits in the shape of damages. Gill vs. Cole, 1 Harr. & Johns, 402. If he has omitted to pursue that remedy at the proper time, and delayed to assert his claim until he obtained judgment in ejectment, which precludes the defendant from controverting his title, he. cannot now be allowed to recover as rents and profits beyond the period limited absolutely by law. The ruling of the court below on this point must be affirmed.
The other question relates to the right of the plaintiff to recover counsel-fees as part of the expenses incurred in prosecuting the ejectment suit. We find no case in which counsel-fees are allowed as part of the damages except the taxable costs in the ejectment. The Supreme Court has decided in Day vs. Woodworth, 13 How., 369, that counsel-fees are not to be included in and allowed as part of the damages in any action at law. We are, therefore, of opinion that the ruling of the court below upon the instruction requested by the plaintiff was correct.
Judgment affirmed.