## DONOVAN *v.* JOHNSON.

DAMAGES; COUNSEL FEES; BONDS; BUILDING CONTRACTS;
MECHANICS' LIENS.

Unless expressly provided for in the building contract, counsel fees
    incurred by the owner in defending suits brought to enforce
    mechanics' liens can not be recovered as damages in a suit
    on the contractor's bond, conditioned upon the faithful per-
    formance of the contract, which provides that the property
    shall be delivered free of all liens or right to file liens.

No. 806.   Submitted October 18, 1898.   Decided November 1, 1898.

HEARING on an appeal by the plaintiff from a judgment
on verdict in an action upon a building contractor's bond.
*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. F. P. B. Sands* for the appellant.

There was no appearance for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an action to recover damages for the breach of the

conditions of a bond given to secure the performance of a building contract.

On March 17, 1894, William A. Vaughn, the principal in the bond, contracted with the plaintiff, Jeremiah E. Donovan, to build two houses upon a certain lot owned by the latter. The clause of that contract which has to do with the question involved in this appeal, is one wherein the said Vaughn agreed to deliver the said houses, "when complete, free from all liens whatsoever, or right to file liens, and to this end he shall give a quit-claim or waiver of liens from all persons furnishing materials or labor on the premises in question."

The bond sued on is in the sum of $8,000, and was executed by said Vaughn and by the appellee, Allen S. Johnson, as surety. It recites the contract and concludes with the following stipulation: "Now, if the said William A. Vaughn, builder, and party hereto, shall well and truly keep and perform all and each of the several provisions and covenants of the said contract, and build the aforesaid two houses, as aforesaid, then this obligation to be null and void; otherwise to be and remain in full force, effect, and virtue in law."

Plaintiff proved the failure of Vaughn to complete the houses by the time stipulated, and the consequent loss of rents thereby to the amount of $105.75.

He then offered proof tending to show that certain persons who furnished material to said Vaughn, and performed labor, by subcontract with him, upon said houses, claimed and filed liens therefor upon plaintiff's said premises, amounting in the aggregate to the sum of $4,351.39. The said Allen S. Johnson was one of these, and his claim amounted to the sum of $642.92. A bill in equity was filed to enforce these liens, and the plaintiff was compelled to engage counsel and defend the said suit to protect his rights.

Plaintiff, after completing the buildings, upon the abandonment of the work by Vaughn, had the sum of $1,420.78

remaining of the total amount contracted to be paid by him to Vaughn, which he paid into court for distribution among the parties who might be found entitled thereto. Johnson was not found to be entitled to any part of the said sum, and his and the other liens were denied enforcement. Appeals were prosecuted to the Court of Appeals from said decrees, but the same were affirmed. See *Herrell* v. *Donovan* and *Johnson* v. *Donovan*, 7 App. D. C. 322.

Plaintiff was compelled to retain and pay counsel to represent him in said litigation. When he offered to prove the value of said counsel's services and the amount paid by him therefor, the court sustained the objection of the defendant thereto, on the ground that the sums paid as fees of attorneys in the said proceedings were not elements of damage, recoverable for the breach of the said bond.

Under the direction of the court, the jury found for the plaintiff for the amount of the rents proved to have been lost, and judgment was entered thereon. The plaintiff has appealed from that judgment, and assigns error upon the exception taken to the exclusion of his evidence relating to the attorney's fees and charges incurred by him in defending against the said liens.

The case of the plaintiff seems a hard one, indeed. Having in view the provisions of the law giving liens to those who furnish labor and materials for the construction of buildings, he undertook to protect himself against claims arising thereunder, by the special terms of his contract for the performance of which he exacted the bond. The contractor having made default, the plaintiff was harrassed by the filing of the liens, against which he had undertaken to secure himself, and threatened with serious loss through the suits to enforce them against his property.

He could not call upon Johnson to defend the foreclosure suits, because he was himself one of the complainants therein. Regardless of his obligation as surety in the bond, Johnson was engaged in the attempt to hold his obligee

liable for labor and material furnished to his defaulting, principal; he was attempting to establish one of those very liens from which he had expressly covenanted to save the plaintiff harmless. The plaintiff was, therefore, compelled to protect himself by defending the suits. To defend the suits he was compelled to retain and pay counsel.

In cases of special contracts for indemnity, under circumstances like these, the weight of modern authority would seem to favor the view that reasonable expenses incurred in the employment of necessary counsel are to be considered as within the contemplation of the contracting parties, in the event of breach, and as constituting, therefore, an element of recoverable damage, because they result proximately and naturally from that breach. See 1 Sedgwick, Measure of Damages, Secs. 236 *et seq.*; 1 Sutherland, Damages, 142; *K. C. Hotel Co.* v. *Sauer*, 65 Mo. 279, 289, and other cases cited.

But whatever may be the rule in other jurisdictions, the courts of the United States have never given countenance to the doctrine that counsel fees, incurred by reason of the wrongful act or default of another under obligation, express or implied, to indemnify one against the consequences thereof, can be recovered as an element of legal damages, unless expressly provided for by the contract.

On the contrary, they have constantly expressed themselves as opposed to it. *Arcambel* v. *Wiseman*, 3 Dallas, 306; *Day* v. *Woodworth*, 13 How. 370; *Oelrichs* v. *Spain*, 15 Wall. 211, 230; *Flanders* v. *Tweed*, 15 Wall. 450, 453; *Meloy* v. *Johnson*, 2 MacA. 202, 207.

The character of the first of these cases does not appear in the report.

In *Day* v. *Woodworth*, the general principle involved was discussed at some length, and it was said by Mr. Justice Grier, that "neither the common law, nor the statute law of any State, so far as we are informed, has invested the jury with this power or privilege. It has been sometimes

exercised by the permission of courts, but its results have not been such as to recommend it for general adoption, either by courts or legislatures."

That was, it is true, an action of trespass, and its decision would not necessarily control in a case like this arising under a special contract. The very question at issue, however, must be regarded as finally settled by the later decision in *Oelrichs* v. *Spain,* which was an appeal from the Supreme Court of the District of Columbia. That was a suit in equity, and embraced claims for damages on two bonds given in an injunction proceeding, by which the payment of money had been delayed. The first bond was on condition that the complainant " should prosecute the writ of injunction with effect, and pay all damages and costs which the obligees, or any of them, shall sustain by the granting of this injunction." An additional bond was given later, under the order of the court, the condition of which was that the plaintiff should prosecute the writ of injunction " with effect, and satisfy and pay as well the costs, damages, and charges which shall accrue in said Circuit Court of Washington County, as all costs, damages, and charges which shall be occasioned by said writ of injunction."

The decree appealed from was reversed, in so far as counsel fees incurred in procuring the dissolution of the injunction were allowed in the computation of damages.

The point was declared to be within the reasoning of *Day* v. *Woodworth,* and after some further discussion of the general proposition, it was said: " We think the principle of disallowance rests on a solid foundation, and the opposite rule is forbidden by the analogies of the law and sound public policy." 15 Wall. 231.

The same doctrine has always prevailed in Maryland, and has been maintained in another State. *Wallis* v. *Dilley,* 7 Md. 237, 249; *Wood* v. *State,* 66 Md. 66, 68; *G. H. & S. A. R.R. Co.* v. *Ware,* 74 Texas, 47, 50.

It will be observed, also, that the conditions of the bonds

in *Oelrichs* v. *Spain* are broader and more comprehensive than those of the bond under consideration.

We find no error in the ruling complained of; and the judgment will therefore be *affirmed, with costs. It is so ordered.*