HARTMAN v. LOGAN. (No. 7929.)

(Court of Civil Appeals of Texas. Dallas. April 6, 1918. Rehearing Denied May 4, 1918.)

1. ASSAULT AND BATTERY ⬤⟳15—TRESPASSER.

Plaintiff, in assault and battery, employed by defendant for service in the house, having after her discharge by him been granted a reasonable time to leave, was not a trespasser, when thereupon she telephoned for a baggageman.

2. CRIMINAL LAW ⬤⟳163—FORMER JEOPARDY —PUNITIVE DAMAGES.

Defendant, though convicted of assault and fined, is liable to exemplary damages in a civil suit; this not being a double punishment for the same offense, in view of Const. art. 16, § 26.

Appeal from Dallas District Court; E. B. Muse, Judge.

Action by Mrs. Mary E. Logan against George Hartman. Judgment for plaintiff, and defendant appeals. Affirmed.

Read, Lowrance & Bates, of Dallas, for appellant. McCutcheon & Church and W. D. Cardwell, of Dallas, for appellee.

RAINEY, C. J. Suit by appellee against appellant to recover actual and exemplary damages for an aggravated assault and battery on her. Plaintiff alleged that she entered the services of the defendant as his housekeeper and to care for his minor child; that on or about the 19th day of August, 1916, defendant, without cause or fault on the part of plaintiff, unlawfully and maliciously assaulted plaintiff by striking, beating, and kicking plaintiff, from which she suffered injuries. Plaintiff claimed $6,500 actual damages, and $5,000 exemplary damages, and the court rendered judgment in plaintiff's favor for $250 actual damages, and $250 exemplary damages.

Defendant answered by general denial and specially that he had notified plaintiff to vacate his premises, which she refused to do; that she took possession of his telephone, and refused to allow defendant to use it

when requested so to do, and when defendant attempted to take possession thereof she resisted, and if she was injured it was due to her own unlawful acts and negligence in remaining upon defendant's premises; that plaintiff would not have been injured if she had vacated his said premises at the time he requested her so to do, and was guilty of contributory negligence, and her injury, if any, was the direct and proximate result of her own unlawful acts and negligence. Defendant further alleged that he had already paid the fine for aggravated assault, and that this suit by plaintiff constituted an effort to put a man in jeopardy twice for the same offense to the extent of exemplary damages, and that plaintiff could not maintain a suit for exemplary damages, when the defendant had already paid a fine for the same offense in the criminal proceedings.

Appellant's first assignment of error is:

"That the judgment of the district court rendered herein on, to wit, February 3, 1917, is contrary to the law and the evidence in that said judgment was rendered for the sum of $250 against said defendant as exemplary damages, and there was no evidence to show malice or wanton assault on the part of said defendant.

"The uncontradicted evidence showed that said defendant had notified the plaintiff to leave or vacate the premises of said defendant, and that said plaintiff had failed and refused to vacate said premises and had insisted upon remaining upon said premises contrary to the rights of said defendant; that said defendant did not use sufficient force to make plaintiff vacate his said premises, and there was no evidence of any malice or wanton assault on the part of said defendant."

Appellant submits two propositions (A and B) under this assignment:

"A. There was no evidence to show a wanton and malicious assault by the defendant on the plaintiff, and exemplary damages cannot be recovered in the absence of wanton or malicious acts, and the intent of the defendant must determine the question of malice."

"B. The uncontradicted evidence showed that plaintiff was a trespasser on the premises of defendant at the time of the alleged injury, and defendant had notified plaintiff to vacate said premises prior to the alleged injuries, which plaintiff had refused to do, and defendant did not use sufficient force to dispossess plaintiff, and there was no evidence of malicious intent to injure plaintiff."

[1] The evidence was conflicting on these issues. There was evidence showing that appellant gave to appellee permission to remain in the house until she could remove her things, and at the time of the assault she was phoning for a transfer man to remove her plunder, and was only waiting for him to get there before she could leave. Under such circumstances she was not a trespasser, having been employed by appellant for service in the house, and a reasonable time for her to leave had been granted. The evidence fails to show any excuse for the appellant making an assault and battery upon appellee, but that it was wanton and unjustifiable. The evidence fails to show that appellant was attempting to eject appellee from the house at the time, but from appellee's testimony, and which the court evidently believed, we conclude that the assault was wanton and unprovoked, and justified the judgment for $250 exemplary damages.

Appellant's second assignment of error is:

"The judgment of the court is contrary to the law and the evidence, in this, that the uncontradicted evidence showed that the plaintiff, Mrs. Mary E. Logan, was a trespasser on the premises of the defendant, George Hartman, at the time of the alleged injuries on, to wit, August 19, 1916, and the uncontradicted evidence showed that George Hartman owned said premises, and had directed and instructed the plaintiff, Mrs. Mary E. Logan, to leave and vacate said premises, which she failed and refused to do, and stated that she would not leave said premises; and the uncontradicted evidence showed further that the defendant did not use sufficient force to dispossess said plaintiff from said premises, and the uncontradicted evidence showed that the plaintiff, Mrs. Mary E. Logan, remained on said premises until after the defendant had left his own home."

Propositions A and B under this assignment are:

"A. A trespasser or licensee upon the property of another cannot recover damages or injuries received while so trespassing."

"B. The owner of property owes no duty to protect a trespasser or licensee upon his private property, and is not liable for damages received by the party while so trespassing, if the trespasser was guilty of contributory negligence."

We conclude that as propositions of law the foregoing are correct when supported by uncontradicted testimony of appellee, but the testimony of appellee shows that the appellant made a wanton and unprovoked assault upon her, which the court evidently believed, and which warranted the judgment, and which we do not feel justified in disturbing. This assignment is therefore overruled.

[2] The next assignment of error, in effect, is that the judgment for exemplary damages is contrary to the law and the evidence, because it was shown that defendant had been tried and found guilty of the assault and fined, which fine he had paid. Defendant submits the following propositions, to wit:

"A. The defendant had pleaded guilty and paid his fine for the alleged assault and battery, and the judgment of the court for exemplary damages amounted to a double punishment for the same offense, and was contrary to article 16, § 26, of the Constitution of the state of Texas."

"B. The Constitution of the state of Texas prohibits a man's being punished twice for the same offense, and the judgment for exemplary damages against the defendant, when he had paid his fine for said alleged assault, amounts to a double punishment."

That one may be punished criminally for a wrongful injury is no defense to the assessing of exemplary damages in a civil action for a malicious assault; that is, in such an action a person is not put twice in jeopardy. While there is a division of opinion in the different states, we are of the opinion that under the Constitution and laws of this state, in a civil action, exemplary damages are recoverable against a party, though subject to a criminal prosecution. Only one case in this state bearing on this particular proposition has been cited, and we have been

unable to find another. That case is Cole v. Tucker, 6 Tex. 266, which is one where suit was brought for maliciously killing a mule, for loss of the service of the same, and for time spent in obtaining the service and making the purchase of another. On the trial plaintiff offered to prove the expenses incident to the institution of the suit, which the court excluded. On appeal the Supreme Court reversed the action of the lower court, holding that said ruling was error, and among other things said, Chief Justice Hemphill speaking for the court:

"That in actions for malicious trespasses on personal property vindicatory or corrective damages may be awarded is a rule as old as it is firmly established. Compensation, in the legal and technical signification of the term, is not deemed a sufficient recompense for injuries of this character. Compensatory damages are given where the injury is not tainted with fraud, malice, or willful wrong; but where either of these elements intervene, another ingredient is added to the ordinary constituents of injury, viz. the sense of wrong and insult, and damages are given as well for compensation to the sufferer as for the punishment of the offender. In the language of Judge Baldwin, where trespass is committed in a wanton, rude, or aggravated manner indicating a desire to injure, a jury ought to be liberal in compensating the party injured in all he has lost in property, in expenses for the assertion of his rights, in feeling or reputation; and even this may be exceeded by setting a public example to prevent the repetition of the act. In such cases there is no certain fixed standard, for a jury may properly take into view not only what is due to the party complaining, but to the public, by inflicting what are called in law speculative, exemplary or vindictive damages. * * * That the defendant in this case may be punished criminally lies in contingency, and this is not sufficient to relieve him from exemplary damages in a civil action should the facts justify such damages."

The appellant in this case having made an unwarranted assault on appellee, it makes no difference if he has been punished by fine, for said fine does not suffice for the exemplary damages to which appellee is entitled. In other words, a criminal conviction in this state is no bar to a recovery in a civil action. See volume 8, R. C. L. § 145, p. 600. In the case of Smith v. Bagwell, 19 Fla. 117, 45 Am. Rep. 12, where Smith was sued for damages for assault and battery, a charge was asked to the effect that exemplary damages were not permissible. This charge was refused by the lower court and affirmed by the Supreme Court of Florida. The court in discussing the question of "twice in jeopardy" quotes from decisions of many states, and from the United States Supreme Court as follows:

"In Day v. Woodworth, 13 How. 363 [14 L. Ed. 181], Mr. Justice Greer, speaking for the court, says: 'It is a well-established principle of the common law that in actions of trespass and all actions on the case for torts, a jury may inflict what are called exemplary, punitive or vindictive damages upon a defendant, having in view the enormity of his offense rather than the measure of compensation to the plaintiff. We are aware that the propriety of this doctrine has

been questioned by some writers; but if repeated judicial decisions for more than a century are to be received as the best exposition of what the law is, the question will not admit of argument." P. W. & B. Railroad Co. v. Quigley, 21 How. 213, 16 L. Ed. 73; Mil. & St. Paul Railroad Co. v. Arms, 91 U. S. 489, 23 L. Ed. 374; 2 Sedg. Meas. Dam. (7th Ed.) 323, and note.

The Florida court then closes its opinion with these appropriate remarks:

"This question has elicited much discussion and the books are full of it. The courts in some of the states have held to the doctrine as contended for by counsel for the appellant, that in a civil action for a tort, punishable also criminally, punitive or exemplary damages cannot be given by the jury, and we have carefully examined all these authorities. The current of the decision is in the contrary direction, and we can but hold that the court below did not err in refusing to give to the jury the instructions in this respect requested."

We are of the opinion that there was sufficient evidence on which to base a judgment for the appellee, and the judgment is affirmed.

Affirmed.