[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2011
JOHN LEY
CLERK

_____

No. 10-13768

_____

D.C. Docket No. 5:08-cv-00236-GRJ

RICHARD O. CONBOY, derivated on behalf of nominal
defendant Black Diamond Club, Inc.,
ROBERT H. THUNE, derivated on behalf of nominal
defendant Black Diamond Club, Inc.
JANET B. THUNE, derivated on behalf of nominal
defendant Black Diamond Club, Inc.,

Plaintiffs - Appellants,

versus

BLACK DIAMOND PROPERTIES, INC.,
STANLEY C. OLSEN,
MARINA TAYLOR,
JOSEPH G. CAPPUCCILLI,
BLACK DIAMOND CLUB, INC.,
LANDMAR GROUP, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 21, 2011)

Before EDMONDSON and PRYOR, Circuit Judges, and BOWDRE,[*] District Judge.

PER CURIAM:

This derivative action involves a sprawling residential golf community in Lecanto, Florida. Black Diamond is known for its top-ranked courses, famously designed by Tom Fazio.[1] Three members of this private community, Richard O. Conboy, Robert H. Thune, and Janet B. Thune, sued the community's developer, Stanley Olsen, on behalf of Black Diamond Club, Inc. ("the Club"), the Florida not-for-profit organization formed to plan the community development. Not to be confused with the Club, Black Diamond Properties, Inc. ("Properties, Inc.") is a Florida corporation formed to develop the community, and specifically to hold title to its facilities. In addition to Olsen and Properties, Inc., Conboy and the Thunes also sued several of the Club's directors, alleging various wrongs related to the development of Black Diamond.

The parties filed cross-motions for summary judgment on certain counts before the district court. The magistrate judge assigned to the case issued a detailed report and recommendation, which the district judge adopted and

---

[*] Honorable Karon O. Bowdre, United States District Judge for the Northern District of Alabama, sitting by designation.

[1] *Golf Digest* has consistently ranked Black Diamond's Quarry Course—which features a three-hole stretch that plays through an abandoned rock quarry—among the top 100 courses in the United States. *See Black Diamond for Sale*, GOLF DIGEST, Apr. 26, 2010, www.golfdigest.com/golf-courses/blogs/golf-real-estate/2010/04/black-diamond-for-sale.html.

approved, denying the Plaintiffs' motion and granting in part the Defendants' motion. Only one count—breach of fiduciary and other duties—remained for trial; however, the district judge granted the Defendants' motion to strike the Plaintiffs' jury demand. The parties consented to trial before the magistrate judge, who held a four-day bench trial. In a lengthy memorandum decision and order, the magistrate judge directed the Clerk to enter final judgment in favor of the Defendants as to all of the Plaintiffs' claims.

The Thunes[2] appeal the adverse rulings against them, raising myriad issues. After careful review, we affirm.

I.

The long and somewhat complex history of this case is well chronicled by the magistrate judge's several opinions; we need not restate it here. One aspect of the background, however, is central to the issues before us and worth noting. Count III of the Second Amended Complaint sought a declaratory judgment that the "Club Purchase Agreement" between the Club and Properties, Inc. was void and unenforceable, as well as a declaration that certain purported waivers of fiduciary duties of the Club's officers and directors were also void and

---

[2] Mr. Conboy, one of the original derivative Plaintiffs, resigned his Club membership, and the magistrate judge found that he lost standing once his membership sold and transferred to another owner. Consequently, the court dismissed him as a party plaintiff for lack of subject matter jurisdiction.

unenforceable.  The other counts of the complaint included claims for breach of fiduciary and other duties, for sums wrongfully paid from the Club to Properties, Inc. in relation to an allegedly unenforceable "option" contract, and for injunctive relief to impose an equitable trust upon the funds transferred from the Club to Properties, Inc.

In addition to compensatory damages, equitable relief, attorney's fees, and costs and expenses, the Plaintiffs generally sought punitive damages to punish and deter each Defendant from further wrongful conduct.  Specifically, they sought punitive damages for breach of fiduciary and other duties.

## II.

The Thunes raise a variety of issues on appeal, implicating all manner of common law contract and property principles, from the business judgment rule to the rule against perpetuities.  The Thunes also raise interesting theories such as equitable estoppel of a fiduciary to assert the statute of limitations.  However, after reviewing the record below, the magistrate judge's opinions, and the briefs on appeal, we find all issues largely without merit.  The only issue we briefly pause to address involves the federal right to a jury.

Based on their request for punitive damages, the Thunes argue that the district court erred in denying their federal right to a jury.  Under the Seventh

4

Amendment, the Thunes may be correct. *See Curtis v. Loether*, 415 U.S. 189, 196, 94 S. Ct. 1005, 1009 (1974); *Day v. Woodworth*, 54 U.S. 363, 371, 14 L. Ed. 181, 181 (1851); *Hill v. Winn-Dixie Stores, Inc.*, 934 F.2d 1518, 1524 (11th Cir. 1991). Though none of the authorities cited by the Thunes directly supports the proposition that a federal right to a jury exists in every case in which a plaintiff seeks punitive damages, those authorities at least support the idea that such a right *may* exist in certain cases. However, we need not decide that question here. Even assuming that the Thunes had the right to a jury on their claim for punitive damages in this case, the question of damages would not have reached the jury because the magistrate judge correctly ruled against the Thunes on all their claims as a matter of law. Therefore, any possible error in denying the Thunes' asserted right to a jury on punitive damages is harmless. *See Burns v. Lawther*, 53 F.3d 1237, 1242 (11th Cir. 1995) (explaining that "a harmless error analysis may be applied to denials of a jury trial . . . where the issues could have been disposed of on summary judgment or judgment as a matter of law" (citations omitted)).

## III.

The magistrate judge authored a thorough, well-reasoned opinion based on his findings after a four-day bench trial. He correctly stated and applied the law to the convoluted facts of this case, and the issues raised on appeal present no reason

to disturb his sound ruling.

Accordingly, we affirm the decision of the district court.

**AFFIRMED.**