Higbee v. McMillan.

## F. A. HIGBEE V. ROBERT McMILLAN.

1. WITNESS; *Competency of Wife to Testify.* A wife is a competent witness as to the communications made to a third person by her husband in her presence and hearing, in all civil actions in which the husband is not a party to the suit, when his rights will not be concluded by any verdict therein, and when such communications are themselves admissible in evidence.

2. —————— *Instruction; Credibility.* The court below instructed the jury that "if you believe from the evidence that any witness has knowingly and willfully testified falsely to any material fact, you should totally disregard all the testimony of any such witness." *Held,* That such instruction is erroneous.

3. REPLEVIN; DISMISSAL OF ACTION; *Sections 184 and 185 of Code, Construed.* In an action to recover the possession of specific personal property, when the property has been delivered to the plaintiff, and thereafter the plaintiff dismisses his action without prejudice to a future action, and no answer or other pleading is filed by the defendant, but the defendant makes application under section 184 of the civil code for the court to proceed to inquire into the right of property and right of possession of the defendant to the property taken, *held,* that such application is to be construed as a claim by the defendant for a return of the property, and that upon such an application judgment may be rendered for the defendant for a return of the property, or the value thereof, in case a return cannot be had, and damages for taking and withholding the same.

*Error from Lyon District Court.*

REPLEVIN, brought by *Higbee,* to recover possession of thirteen yearling mules, which he claimed to own, and which he alleged were wrongfully detained by *McMillan.* Plaintiff dismissed his action without prejudice to a future action, and judgment in favor of *McMillan* was thereupon rendered, at the September Term 1875. *Higbee* brings the case here on error for review. The opinion contains a sufficient statement of the facts and proceedings.

*Ruggles & Sterry,* and *Geo. E. Terry,* for plaintiff.

*E. S. Waterbury,* and *E. W. Cunningham,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: In the fall of 1874, John A. Baker and Robert McMillan made a contract in reference to the pur-

chase of a lot of young mules for market.   Baker claimed
that the contract was in substance, "that he (Baker) should
furnish the money to purchase a lot of weanling mules, and
that when so purchased McMillan should take possession of
them until they should be sold ; that he (Baker) should have
the right to sell them at any time; that upon their sale the
net profits should be equally divided between him and McMil-
lan."   On the other hand, McMillan claimed the contract to
be, "that Baker was to furnish the money to buy a lot of
weanling mules, and that when bought that he (McMillan)
was to have possession of them, take care of and feed them
until they were three years old, except they should be sold
when they were two years old by consent of both parties;
that when they were three years old he (McMillan) was to
break and fit them for market, and that when they were sold
the net profits were to be divided equally between the par-
ties."   Under the contract, however it was, thirteen weanling
mules were bought in the fall of 1874, and placed in the
possession of defendant.   Higbee, the plaintiff, claimed that
on July 15th 1875 the said Baker executed and delivered to
him for a valuable consideration a bill of sale for all of the
said mules; and Higbee, on the 21st of July 1875, filed an
affidavit and bond in replevin in the office of the clerk of the
district court of Lyon county.   The clerk thereupon issued
an order of replevin to the sheriff of said county, directing
him to take the mules from the possession of McMillan,
and deliver them to plaintiff.   The mules were taken under
said order and delivered to plaintiff.   On the 24th of said
July, the plaintiff filed his petition in said replevin action.
The petition was not filed, however, until after the issuance
and service of the summons and order of replevin.   The de-
fendant, at the September term of said court, made a special
appearance, and moved to set aside the summons and service
thereof, which motion was granted.   Thereupon plaintiff
moved to dismiss the action without prejudice, which motion
was granted.   The defendant then made application to the
court to inquire into the right of property and right of pos-
session, which was done, and by the court the right of prop-

erty and the right of possession were found to be in defendant. A motion for a new trial was made by the plaintiff, which was granted by the court. The cause then again came on to be heard on .the inquiry demanded by defendant as to the right of property, and the right of possession, which questions, were tried by a jury and resulted in the judgment herein, complained of, which was to the effect, that McMillan should, recover from Higbee the property replevied, together with, $130 his damages for its detention, and in default of return thereof, that McMillan should recover from Higbee $845, the value of the property, and that he should also recover from Higbee his costs.

I. On the trial, Higbee, the plaintiff, to maintain the issues in his behalf, called Mrs. Baker as a witness, who testified, that she was "the wife of John A. Baker." She was then asked: "Do you remember a conversation between your husband and the defendant, in your room at McMillan's, in the fall of 1874, concerning the buying of some mules?" To the asking of this question the defendant objected, on the ground that the witness was incompetent to testify to any transaction between defendant and her husband John A. Baker, concerning the mules in controversy, which objection the court sustained. The plaintiff then offered to prove by this witness, "that in the latter part of September or the first of October 1874, she and her husband, John A. Baker, were living at the house of the defendant, and that about that time defendant came into her room, occupied by her and her husband, and wanted her husband to buy two mules of a Mr. Jinkins; that her husband at first refused to buy the mules of Jinkins, and asked defendant why he (defendant) did not buy them; that defendant replied that he was too poor to buy them, that he wanted to sell the mules he had, and wanted her husband to buy them; that her husband finally consented to buy them, if defendant would take care of them just as he wanted him to, to-wit, to keep the mules until her husband should sell them, and take care of them, and that whenever her husband desired to sell the mules he should be

at liberty to do so, and should pay McMillan one-half of the net profits, as compensation for keeping them; that defendant agreed to this, and that thereupon Baker paid the defendant for his five mules, and that then Jinkins was called into the room, and Baker bought his two mules of him." To this offer of proof of this witness, the defendant objected on the ground of the incompetency of the witness, which objection the court sustained. Proper exceptions were taken, and the question is fairly presented, whether the wife of Baker, the vendor, was a competent witness.

Section 319 of the civil code provides, that "No person shall be disqualified as a witness, in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or conviction may be shown for the purpose of affecting his credibility." Section 323 of the code provides, that—

"The following persons shall be incompetent to testify; * * * Third, husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterward."

The husband was not a party to the record, nor is it shown that he was notified to appear and defend the title of the property claimed by his vendee. His appearance in the case was that of a witness, and although he was interested in the result of the suit, his rights would not be concluded by any judgment therein. A true construction of subdivision third, of section 323 of the code, in connection with section 319, does away with the question of interest on the part of the witness, and only applies when the husband or wife is a party in the action, or where the rights of the other, though not a party to the record, would be concluded by any verdict rendered. The exception so contained in said subdivision of section 323, to the general rule adopted in section

319, should be confined to the terms stated. It ought not to be extended by construction. The old doctrine of the law was, that the wife could not be witness for her husband, because her interest was precisely identical with his; nor against him, upon grounds of public policy, because the admission of such evidence would lead to dissension and unhappiness, and possibly to perjury. The statutes in most of the states have changed this rule, and as our statute has opened wide the door to all persons to be witnesses, without regard to their interest in the suit, excepting as affecting their credibility, we ought not to keep up the disqualification as to the wife being a witness, on account of the interest of the husband, unless the plain provision of the law forbids any other conclusion. It is the tendency of our legislation to favor the introduction of all evidence, which will in any way explain a subject under investigation, and to lessen the limitations heretofore existing as to the competency of witnesses, and also to enlarge rather than restrict the rights of married women—to place her on an equality with her husband in all things, and to render her condition sufficiently independent that we ought to expect from her a fearless regard for truth in the statement of facts. Nor do our laws purport to maintain matrimonial felicity by sealing the lips of a married person at all times, when the interests of the husband, or wife, of the witness are at issue. Husband and wife are competent witnesses concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action. Our law also makes husband and wife competent witnesses, if they are willing to testify, for or against each other in all criminal cases, and provides, that in any action for a divorce the parties thereto, or either of them, shall be competent to testify in like manner, and respecting any fact necessary or proper to be proven, as parties to other civil actions. Again, if a contrary conclusion is reached, than here stated, every time a husband or wife is a witness in a case, in which the other is indirectly, incidentally, or remotely interested, all the old

10—18 KAS.

questions of evidence in relation to the competency of the witness on account of the interest of his or her spouse, would be involved, and thus rules of evidence, now becoming obsolete everywhere, would be still kept alive in this state. The law has abolished interest as a bar to competency of the witness; and considering the other liberal legislative provisions regarding the testimony of married parties, for and against each other, the prohibition contained in said subdivision third of section 323 should only apply where the letter of the law makes the same indispensable. Perhaps it should be added, that the statements between Baker and McMillan were not communications made by the husband to the wife, and the concluding portion of said subdivision third has no application to communications made to third persons in the presence and hearing of each other.

We are aware that the views expressed above are in conflict with the case of *Bird v. Hueston*, 10 Ohio St. 418, but the laws of Ohio at the time of the rendition of that decision were not as liberal as our own, nor as liberal as the laws of Ohio are now, in this respect. In that opinion it is stated, that, "It is the policy of the law, in order to secure conjugal confidence, that in no case shall husband and wife be allowed to give evidence for or against each other." Our laws favor a different policy, and are not as fearful of disturbing "conjugal confidence" in permitting a wife or husband to testify to the truth. We think Mrs. Baker was a competent witness in the case, and that the court below committed error in rejecting her testimony.

II. The court below instructed the jury, "If you believe from the evidence that any witness has knowingly and willfully testified falsely to any material fact, you should totally disregard all the testimony of any such witness." Within the decision of *Shellabarger v. Nafus*, 15 Kas. 547, the instruction was erroneous, and ought not to have been given. It is fitting however for us to say, that said instruction was given prior to the publication of the latter case in the 15 Kansas, and the court below only followed the rule laid down

in *Campbell v. The State*, 3 Kas. 488, and the decisions in such other cases of this court as followed that.

III. The judgment in the case included $130 as damages to the defendant for the detention of the mules by the plaintiff. This was not error. Section 184 of the code permits the defendant, in a case where the property has been delivered to the plaintiff, and the plaintiff fails to prosecute his action to final judgment, to make application to the court to proceed to inquire into the right of property and right of possession of such defendant to the property taken. This application embodies a claim to the property, and a return of the property. The purpose of giving the court the authority to make the inquiries stated would be useless, unless it was intended to supplement the investigation with a judgment or order. As section 185 of the code provides that in all actions to recover the posession of personal property, if the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment may be for the value in case a return cannot be had, and damages for taking and withholding the same, upon said application being made, as provided for in section 184, by the defendant, a like judgment may be entered as set forth in section 185 when defendant claims a return of the property. We make these remarks to settle a question of practice, and one which may arise again upon the trial of this case.

The judgment of the court below must be reversed, and a new trial awarded.

All the Justices concurring.