WILLIAM K. VAN FLEET v. MARY F. STOUT, *as Executrix of the last will of Elizabeth Van Fleet, Deceased.*

1. INJUNCTION—*When Operative.* An order conditionally granting a temporary injunction is not operative until a bond is filed in conformity with law and the order of the court or judge granting the same.

2. ORIGINAL WRITING — *Copy — Evidence — Objection.* Where a party objects to the admission in evidence of a writing, upon the ground that the opposite party had failed and refused, upon demand, to give him a copy of the same, it is essential for him to show the failure or refusal of his demand for such copy in order to exclude the giving of the original in evidence.

3. WIFE, *as Executrix — Husband as Witness.* A husband is a competent witness in a case brought by his wife as an executrix of the estate of a deceased person, except as to communications made by one to the other during marriage.

*Error from Harvey District Court.*

THE case is stated in the opinion. Judgment for the plaintiff, *Mary F. Stout,* as executrix, etc., at the May term, 1888. The defendant, *William K. Van Fleet,* brings the case here.

*Brown & Cline,* for plaintiff in error.

*Joseph Crow, jr.,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Mary F. Stout, as executrix of the last will and testament of Elizabeth Van Fleet, deceased, brought an

action against William K. Van Fleet, and alleged that, in 1882, Elizabeth Van Fleet, who was then the owner and holder of $800 in United States four-per-cent. bonds, placed them in the hands of William K. Van Fleet, who was to hold them in trust, and transmit the interest coupons to her as they matured; that he so held them until 1883, when he sold the bonds, in violation of his trust, and converted the proceeds to his own use. It is averred that he has refused upon demand to turn over the bonds or the proceeds of the same. Judgment was demanded in the sum of $1,075, with interest. The answer of the defendant was a general denial, and that the bonds in question were a donation to him, his brother and sister. The cause was tried without a jury, and judgment in favor of Mary F. Stout, as representative of the estate of decedent, for $1,115.59, was given. William K. Van Fleet complains, and alleges four grounds of reversal.

The first objection is, that the court proceeded with the trial although a temporary injunction previously granted was in force, enjoining the further prosecution of the action. In a supplemental answer the defendant below alleged that a proceeding had been instituted in another state to set aside the will under which Mary F. Stout had been appointed executrix, and asking the court to enjoin the prosecution of the action until these proceedings in the other state were concluded, and finally to grant a perpetual injunction. Upon this application a temporary injunction was granted, to take effect upon the giving of a good and sufficient undertaking in the sum of $2,000. The defendant thereupon gave an undertaking, but the attention of the court being called to the same, it was held not to be in compliance with law and the order of the court. Additional time was then given to defendant to file the required bond, but it was not filed, and the court treated the order previously given as ineffectual, and about a year thereafter proceeded with the trial of the cause. The injunction was not to take effect unless the conditions imposed were complied with. The bond tendered to the court was examined by it, and held to be insufficient. The granting or refusal of

a temporary injunction is largely within the discretion of the court, and the matter being still before the court in this instance, it determined at once whether the bond tendered was in conformity with its order; and having held adversely, proceeded upon the theory that no injunction was yet in force. The defendant, however, was given·further time and opportunity to file such bond as would make the order operative. The mere order of the court granting an injunction upon conditions to which the party did not conform was no obstacle against proceeding with the trial of the cause. The failure to give the required undertaking rendered the order inoperative, and warranted the court in ignoring it. (Civil Code, § 242; *The State v. Comm'rs of Rush Co.*, 35 Kas. 150; *The State v. Comm'rs of Kearny Co.*, 42 id. 739.) The defendant was not hurried into a trial, nor was he limited in his defenses by reason of the refusal of an injunction. He was given abundant opportunity to make full preparation to present any and every defense which he might have, without regard to whom was the representative of the decedent's estate.

1. Injunction—when operative.

The next objection is, that the court erred in admitting in evidence certain letters written by the defendant below to the decedent and Peter S. Stout, one of the witnesses in the case, upon the ground that they had demanded a copy of all writings intended to be offered in evidence at the trial, and the plaintiff had failed to grant the defendant or his attorneys an inspection of the letters or copies of the same. The record shows that a notice was served upon the plaintiff's attorneys, demanding an inspection and copy of all deeds, instruments and writings intended to be offered in evidence at the trial, but we find no evidence in the record that there was a failure or refusal on the part of the plaintiff to comply with the requirements of the notice. Before the court could exclude the letters it was essential for the plaintiff to show, not only that the demand had been made, but that there had been a failure and refusal to comply with the same. Even if proof of a refusal had been made,

2. Original writing—copy—evidence—objection.

the admission of the letters would not require a reversal. We have read the letters that were introduced, and find that they are not inconsistent with the defendant's admissions in other letters, not objected to, and in his testimony. The case was tried by the court, and not by a jury, and we think that the receiving of these letters was in no event prejudicial.

The third objection is, that the court erroneously permitted the executrix to testify to transactions and communications had personally by her with the deceased; but the record does not bear out this claim. The communication or letter referred to appears to have been written by Peter S. Stout, instead of the executrix.

The final objection is, the admission of the testimony of Peter S. Stout, who was the husband of the executrix. It is contended that it is in violation of § 323 of the code, which provides:

"The following persons shall be incompetent to testify: . . . Third. Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterward."

There is no claim that Stout testified concerning any communication between him and his wife, but it is contended that she comes within that prohibition of the statute which forbids a husband or wife to testify for or against each other. It is to be noted that Mary F. Stout did not bring this action in her own behalf, but only as a representative of the estate of Elizabeth Van Fleet. Peter S. Stout was not called to testify in behalf of his wife, but was called to give testimony in behalf of the estate, and hence did not come within at least the strict terms of the statute. At common law, the husband and wife were incompetent to testify for or against each other in any proceeding where the other was a party, or which involved the pecuniary interest of the other; but our statutes have made radical

3. Wife, as executrix—husband as witness.

changes in the relations and rights of married persons. In legal contemplation, they were formerly regarded as one person, and as the husband could not testify in his own behalf, his wife, whose interest is the same, could not. The identity of interests was the principal ground for excluding the testimony of one in behalf of the other. This ground of exclusion has been entirely removed by § 319 of the code, and hence the common-law rules invoked, and the decisions that have been cited thereunder, are not applicable or controlling. The provisions of our code relating to this subject were fully considered and discussed in *Higbee v. McMillan*, 18 Kas. 133. In that case, Chief Justice Horton remarked that—

"As our statute has opened wide the door to all persons to be witnesses, without regard to their interest in the suit, excepting as affecting their credibility, we ought to keep up the disqualification as to the wife being a witness on account of the interest of the husband, unless the plain provision of the law forbids any other conclusion."

It was there held that the exception which precluded the husband or wife from testifying for or against each other should be confined strictly within the terms of the statute, and that it "should only apply where the letter of the law makes the same indispensable." Following this rule, it cannot be held that the husband or wife is incompetent as a witness in a case brought by or against the other in a representative capacity. If the rule insisted upon by the plaintiff in error obtained, it would exclude the wife as a witness when the husband as the attorney general or other prosecuting officer brought an action in his name in behalf of the state, or where he was a party as a receiver or sheriff, or in any other of the various representative capacities in which an action may be brought for or against him. The decisions of this court, following the spirit of the legislation of the state, have been in favor of lessening rather than extending the limitations as to the competency of husband and wife to testify for or against each other. (*Ruth v. Ford*, 9 Kas. 18; *Furrow v. Chapin*, 13 id. 107; *Higbee v. McMillan*, supra; *The State v. Buffington*,

20 id. 599; *Jaquith v. Davidson*, 21 id. 341; *McCartney v. Spencer*, 26 id. 65.) It appears that the executrix is one of the legatees under the will of Elizabeth Van Fleet, and she was therefore indirectly interested in the result of the litigation; but "the law has abolished interest as a bar to the competency of the witness," and hence the reason that she might at some time receive a share of the estate is no ground for excluding the testimony of her husband. (*Higbee v. McMillan,* supra.)

From an examination of the record we are satisfied that no injustice was done to the plaintiff in error by the judgment that was given, and finding no prejudicial error, the judgment will be affirmed.

All the Justices concurring.