ANNA POTTER *et al.* v. FRANK STAMFLI, *by A. Miller,*
*his next Friend.*

No. 102.

1. EXEMPLARY DAMAGES—*Pleading.* To justify the recovery of
   exemplary damages in an action for tort, the petition must so de-
   scribe the wrongful act as to show that the case belongs to the
   class of cases in which such damages are recoverable. It is not
   sufficient to allege simply such matters as warrant the recovery of
   actual damages, without characterizing them as wanton, wilful,
   or malicious.

2. WITNESS—*Husband and Wife.* The wife of one who is inter-
   ested in an action only as the next friend of a minor plaintiff is a
   competent witness in the case.

MEMORANDUM.— Error from Wyandotte. court of
common pleas ; T. P. ANDERSON, judge. Action by
Frank Stamfli, by A. Miller, his next friend, against
Anna and Eli Potter, to recover damages for personal
injuries. Judgment for plaintiff. Defendants bring
the case to this court. Modified and affirmed. The
opinion herein, filed March 7, 1896, states the facts.

*Nathan Cree,* for plaintiffs in error.

*Reed & Reed,* for defendant in error.

The opinion of the court was delivered by

GARVER, J.: The defendant in error was a boy
about five years of age, who brought this action by
his next friend, A. Miller, to recover from Anna and
Eli Potter, plaintiffs in error, damages alleged to have
been sustained from the bite of a ferocious dog wrong-
fully kept by the plaintiffs in error. There was a ver-
dict and judgment in favor of the plaintiff below for
$400, actual damages, and $75, exemplary damages.

The first error claimed is as to the allowance of ex-
emplary damages. The court instructed the jury, if
they believed the wrongs were committed upon the

plaintiff by the defendants deliberately or wilfully, or if, having knowledge of the vicious propensities of their dog, they, with a wanton and reckless disregard for the safety of others, permitted the dog to run at large, they would be liable for exemplary damages. It is contended by counsel for plaintiffs in error that such instruction was not justified either by the pleadings or by the evidence. The rule is well settled in this state that punitive or exemplary damages may be imposed in an action of this nature, but that before such damages are recoverable it must be shown that the negligence was wanton, wilful, or malicious. (*L. L. & G. Rld. Co. v. Rice*, 10 Kan. 426; *K. P. Rly. Co. v. Kessler*, 18 id. 523; *K. C. Ft. S. & G. Rld. Co. v. Kier*, 41 id. 671.)

A general rule of pleading is, that the plaintiff is bound by and must recover, if at all, upon the case made by his pleadings. (*Stone v. Young*, 4 Kan. 17.) That rule is applicable in this case. To authorize the recovery of exemplary damages, the plaintiff must, by the allegations of his petition, show that his action belongs to the class of cases in which such damages are recoverable. A mere averment of ordinary negligence will not permit the plaintiff to claim and prove, upon the trial, such wanton and reckless conduct as would make the wrong-doer liable for punitive in addition to compensatory damages. All damages which the law presumes as the natural and necessary consequences of a wrongful injury, or other tortious act, are recoverable under a general allegation of the wrongful act and of the resulting damages. When the plaintiff would go beyond this, and recover damages which are the natural but not the necessary results of the wrongful act, recoverable because of the peculiar circumstances of the case, he must notify the defendant of such claim by proper allegations in his petition. This

is so as to special damages; and on principle the same rule should apply to all except general compensatory damages. If the wrongful act is of such a character that the law will give to the injured party both compensatory and exemplary damages, the petition should so describe it that it may appear to be a case in which such damages may be recovered. (*K. P. Rly. Co. v. Whipple*, 39 Kan. 531, 539; *Jacobs's Adm'r v. Louisville &c. Rly. Co.*, 10 Bush, 264; *Cameron v. Bryan*, 89 Iowa, 214; *Welsh v. Stewart*, 31 Mo. App. 376; *Railway Co. v. Holland*, 82 Ga. 257; *Sullivan v. Ore. Rly. & N. Co.*, 12 Ore. 392.)

Judged by these rules, the petition in this case was insufficient to authorize a recovery of more than the actual damages sustained. The most that can be claimed for it is, that it charges the defendants with ordinary negligence in the keeping and restraining of their dog. There is no allegation that the defendants were guilty of any wanton, reckless, wilful or malicious act. They are simply charged with knowingly, "wrongfully and injuriously" keeping a certain dog of a ferocious and mischievous disposition, which caused the injury to the plaintiff. It is even questionable whether the petition fully and properly charges an act of ordinary negligence; it certainly does nothing more than that. No objection, however, has been made to the sufficiency of the allegations to justify the recovery of actual damages. Even though the petition had contained proper allegations to justify the recovery of more than actual damages, it is very doubtful whether the evidence would have sustained them. We think the plaintiff had a good cause of action based upon the negligence of the defendants, and that he was entitled under the evidence to recover such sum as would fully compensate him for his actual damages. Any one who keeps a vicious dog that is

known to have a disposition to attack persons must use care, commensurate with the danger, to prevent injury. A failure to do so makes him liable for the damages sustained in consequence thereof.

A further objection is made to the ruling of the court permitting the wife of A. Miller, who appeared in the case as the next friend of the plaintiff, to testify as a witness. We see no error in this ruling. She was not the wife of a party to the suit within the meaning of the statute which makes husband and wife incompetent to testify for or against each other. The party in interest in this case was the boy, not the next friend, who appeared in the case simply in a representative capacity. It is true the next friend is liable for the costs of the action; but this, of itself, does not disqualify the wife as a witness for the real party to the action any more than she would be in a case wherein her husband might have signed, as surety, a bond for costs. (*Van Fleet v. Stout*, 44 Kan. 526; *Railway Co. v. Rexroad*, 59 Ark. 180; *Bonett v. Stowell*, 37 Vt. 258.)

On the whole, we think there was a full and fair trial of the issues in this case, without substantial error, beyond that herein mentioned, against the plaintiffs in error. As the respective amounts of compensatory and exemplary damages are separately stated by the jury, the error committed with reference to the latter does not require a reversal of the entire judgment. For the reasons given in this opinion, the judgment will be modified by striking out the item of $75 allowed for exemplary damages, and otherwise affirmed.

All the Judges concurring.