OTTO KUEHNE PRESERVING CO. v. ALLEN et al.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1906.)

No. 2,311.

1. DEATH—ACTION FOR WRONGFUL DEATH—RECOVERY OF EXEMPLARY DAMAGES UNDER MISSOURI STATUTE.

Rev. St. Mo. 1899, § 2866, which provides that in actions for wrongful death "the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default," does not authorize the allowance of exemplary damages in all cases, but only where, under the pleadings and evidence, the deceased would have been entitled to recover such damages, had he lived, in a suit for the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 98.]

2. SAME—PLEADING.

To authorize the recovery of exemplary damages under such statute, the defendant must have acted maliciously or wantonly, or have been guilty of

negligence so gross as to evince a conscious disregard of the rights of others, and the complaint must allege such facts. A mere allegation that defendant's negligence was gross is not sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 69.]

In Error to the Circuit Court of the United States for the Western District of Missouri.

The Allens recovered a judgment against the preserving company for damages for the death of their minor daughter, who, while in the service of the company, was killed by the collapse of its factory building at Kansas City, Mo. The complaint of the parents charged that the defendant utterly disregarded its duty to furnish its employés a reasonably safe place in which to perform their duties; that the building was unsafe for the purpose for which it was used and in the manner in which it was used, and "was known to be unsafe by defendant, or could have been known by it in the exercise of reasonable and proper diligence and care on their part." After describing the age of the building and the weakness and unfitness of its walls, supports, and floors, it was further averred that "it was gross negligence for defendant to use it and to place therein its employés"; further, that "all of which said acts were negligent and grossly negligent on the part of the defendant"; also, "plaintiffs aver that by reason of the foregoing facts and premises defendant was guilty of gross negligence in placing their said daughter in a building that was not a safe place to work in."

H. C. Timmonds (Boyle & Guthrie, William Warner, O. H. Dean, W. D. McLeod, and Hale Holden, on the brief), for plaintiff in error.

Edwin H. Stiles, James H. Reed, E. E. Yates, T. A. J. Mastin, C. M. Howell, and C. M. Kackley, for defendants in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The defendant requested the court to instruct the jury, first, that under the pleadings in the case, and, next, that under the evidence, they should award the plaintiffs nothing in the way of exemplary damages. The court denied the requests, and, on the contrary, instructed them that under certain conditions stated they might, in their discretion, allow damages of that character. The verdict returned for the plaintiffs was for a single sum, and, as the jury were not directed to state the damages that were compensatory separately from those that were by way of punishment, it is to be presumed that the amount of the verdict was in part made up of damages of the latter character. The requests were sufficiently definite to challenge the attention of the court to the contention that exemplary damages were not claimed in the complaint and that the evidence in the case did not warrant their allowance. Was this a case for exemplary damages?

The action was brought under a Missouri statute (section 2865, Rev. St. 1899) providing for liability in case of the death of a person caused by the wrongful act, neglect, or default of another. The succeeding section (2866) provides that:

"In every such action the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

It is not denied that the plaintiffs were the proper parties·to bring the action. The sections of the statute referred to have received authoritative construction from the Supreme Court of Missouri. Gray v. McDonald, 104 Mo. 303, 16 S. W. 398. No new cause of action is created by them. There is simply transmitted to designated survivors the cause of action which the party injured would have had, if death had not occurred. .The damages recoverable are compensatory for the necessary injury, and also exemplary when sufficient cause therefor exists. In the latter respect the statute differs from those in most states. The clause of section 2866 providing that regard may be had to the mitigating or aggravating circumstances attending the wrongful act, neglect, or default means that in a proper case exemplary damages may be awarded in addition to compensation for the necessary loss. Gray v. McDonald, supra. In other words, if the injury was inflicted under such circumstances as would have authorized a recovery of exemplary damages by the person injured, had he survived, such right of recovery is, in the event of his death, transmitted to a designated survivor. But it is not meant that in every case exemplary damages are recoverable, or that in every case the jury may be instructed to consider the mitigating or aggravating circumstances. Barth v. Railway Company, 142 Mo. 535, 558, 44 S. W. 778. Whether such damages might have been recovered by the injured person, had he survived is still to be determined by settled principles of general law. In this particular the statute adds nothing and takes nothing away. As applied to the case at bar the statute simply passed along to the parents the right to exemplary damages, if any, that would have been possessed by the daughter, had death not resulted from the accident. The rules of pleading and evidence ·in respect of a demand for exemplary damages that apply in case the injured person survives and sues, likewise apply in an action brought under the statute. A case should be stated in the complaint which, according to settled principles of law, authorizes the recovery of such damages, and this should be followed by sufficient proof to merit an award by the jury.

In Barth v. Railway Co., 142 Mo. 535, 558, 44 S. W. 778, 785, it was said:

"It is now the settled rule of decision in this court that where there is neither allegation of malice, wickedness, or wantonness in the tort complained of, nor evidence of any aggravating circumstances, it is improper in the instruction to include the words 'having due regard to the mitigating or aggravating circumstances.' Those words are only proper in a case in which punitive damages or smart money may be allowed."

And in Holwerson v. Railway Co., 157 Mo. 216, 243, 57 S. W. 770, 778:

"No instruction basing a right to recover upon wantonness should be given, unless the pleadings raise an issue of wantonness as distinguished from negligence, and unless there is substantial proof to support such an issue. The common practice of giving such instructions when no such issue is raised, and there is no evidence to support such a claim, has caused much of the confusion and incongruity that exists in the law, and the failure of courts and judges and text-writers to distinguish between negligence (that is, the want of ordinary care) and wantonness (that is, intentional injury purposely inflicted) is responsible for the balance of such confusion."

In Dorsey v. Railway Co., 83 Mo. App. 528, 543, the court said:

"Instruction No. 2 given for plaintiff is clearly erroneous. There is no allegation in the petition to warrant an instruction for exemplary damages; nor is there a line of testimony in the record tending to show that the engineer acted wantonly, maliciously, or unlawfully, with the intent to do wrong or to injure the passengers on his train."

While the doctrine of exemplary damages did not find its place in our jurisprudence without controversy and diversity of judicial opinion, it is now generally accepted. Indeed, an inclination is not infrequently manifested to extend it beyond its rational limitations and apply it to cases that appeal to courts and juries and excite compassion because of distressing features of the injury rather than by reason of any wanton conduct on the part of the defendant. The conditions authorizing the allowance of such damages are well settled and clearly defined. In Day v. Woodworth, 13 How. 363, 14 L. Ed. 181, it was held that in actions of trespass exemplary damages might be awarded where the injury was wanton and malicious, or gross and outrageous, and that the amount depended upon the degree of malice, wantonness, oppression, or outrage of the defendant's conduct. This case was followed in Railroad Co. v. Quigley, 21 How. 202, 16 L. Ed. 73, where it was said:

"Whenever the injury complained of has been inflicted maliciously or wantonly, and with circumstances of contumely or indignity, the jury are not limited to the ascertainment of a simple compensation for the wrong committed against the aggrieved person. But the malice spoken of in this rule is not merely the doing of an unlawful or injurious act. The word implies that the act complained of was conceived in the spirit of mischief, or of criminal indifference to civil obligations."

Railway Company v. Arms, 91 U. S. 489, 23 L. Ed. 374, was an action for damages sustained by a collision of railroad trains. The trial court instructed the jury that, if they found that the accident was caused by the gross negligence of defendant's servants, they might award to the plaintiffs exemplary damages. This was held to be error. The Supreme Court, after quoting from the Quigley Case, said:

"Although this rule was announced in an action of libel, it is equally applicable to suits for personal injuries received through the negligence of others. Redress commensurate to such injuries should be afforded. In ascertaining its extent, the jury may consider all the facts which relate to the wrongful act of the defendant, and its consequences to the plaintiff; but they are not at liberty to go farther, unless it was done willfully, or was the result of that reckless indifference to the rights of others which is equivalent to an intentional violation of them. In that case, the jury are authorized, for the sake of public example, to give such additional damages as the circumstances require. The tort is aggravated by the evil motive, and on this rests the rule of exemplary damages."

And, after discussing the significance of the term "gross negligence," the court added:

"In this sense the collision in controversy was the result of gross negligence, because the employés of the company did not use the care that was required to avoid the accident. But the absence of this care, whether called gross or ordinary negligence, did not authorize the jury to visit the company with damages beyond the limit of compensation for the injury actually inflicted. To do this, there must have been willful misconduct, or that entire want of care which would raise the presumption of a conscious indifference to consequences."

In Railway Co. v. Prentice, 147 U. S. 101, 13 Sup. Ct. 261, 37 L. Ed. 97, the court again expresses the rule that such damages may be awarded if the defendant "has acted wantonly or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations." See, also, Scott v. Donald, 165 U. S. 58, 86, 17 Sup. Ct. 265, 41 L. Ed. 632; Times Pub. Co. v. Carlisle, 36 C. C. A. 476, 94 Fed. 762.

While many observations upon this subject not altogether harmonious may be found scattered through the decisions of the Supreme Court of Missouri, we believe that the limitations of the doctrine announced by the Supreme Court of the United States have been substantially recognized in that state:

In Parsons v. Railway Company, 94 Mo. 286, 297, 6 S. W. 464, 468, the court, in speaking of the sections of the statute which have been considered, referred to the established rule of public policy—

"Which permitted the party entitled to sue to also recover exemplary damages, when the act complained of was willful or malicious, or characterized by cruelty, wantonness, or oppression, or was the result of such negligence as evinced a conscious disregard of the rights of others."

Brown v. Plank Road Company, 89 Mo. 152, 1 S. W. 129, was an action for damages sustained while driving on a defective road. The court said:

"There is nothing in the evidence to show that the failure of defendant to remove the obstruction thus occasioned was either wanton or malicious, one or the other of which elements must appear to justify awarding punitive damages."

In Engle v. Jones, 51 Mo. 316, the court said:

"As an abstract proposition of law the instruction was correct, but the objection to it is there was no evidence in the case justifying it. No aggravating circumstances were disclosed calling forth the rule applicable to vindictive damages. Unless the trespass is committed in a wanton, rude, or aggravated manner, indicating oppression, malice, or a desire to injure, the damages should be compensatory only."

In Kennedy v. Railroad Company, 36 Mo. 351, 364, it was said:

"To authorize the giving of exemplary or vindictive damages, either malice, violence, oppression, or wanton recklessness must mingle in the controversy and form one of the chief ingredients. The act complained of must partake something of a criminal or wanton nature, else the amount sought to be recovered will be confined to compensation," etc.

The complaint in this case was framed strictly upon the theory of compensatory damages. As a general rule of pleading it is not necessary to claim exemplary damages by name, but such averments must be made as will advise the defendant that he will have to meet a demand of that kind at the trial. If the wrongful act is of a character or is attended by such conduct or animus of the defendant that the law authorizes the assessment of exemplary damages, the complaint should so describe it that it may appear therefrom to be a case of that class. Vine v. Casmey, 86 Minn. 74, 90 N. W. 158; Jacob's Adm'r v. R. Co., 10 Bush. (Ky.) 263; Potter v. Stamfli, 2 Kan. App. 788, 44 Pac. 46; Sullivan v. Navigation Co., 12 Or. 392, 7 Pac. 508, 53 Am. Rep. 364. This requirement is essential to fairness in pleading, and there is fully as much reason for it as there is for the rule, universally recognized, that

a claim for special damages beyond those that necessarily flow from the act complained of must be definitely asserted in the plaintiff's pleading. It is to be presumed that a plaintiff who sets forth in his complaint a case of negligence calling only for compensatory damages, without charge or averment of malice, oppression, wantonness, or other accompaniment of the negligent act or omission warranting the punishment of the defendant in the interests of society, makes no demand beyond reimbursement for his actual loss. Aside from a description in plaintiff's complaint of the defective condition of the building, which, it is averred, was either known to defendant or could have been known by it through the exercise of reasonable and proper diligence and care, there is nothing except the frequent characterization of the negligence as gross. This is insufficient in an instruction (Railway Company v. Arms, supra), and it is insufficient in a pleading, there being nothing else showing the existence of those conditions upon which the right to exemplary damages depends.

The same conclusion would follow, were the complaint to be tested by the rule of pleading which obtains in the state courts of Missouri. The complaint was first filed in the local court from which the cause was removed. A statute of the state (section 594, Rev. St. 1899) provides that:

"In all actions where exemplary or punitive damages are recoverable the petition shall state separately the amount of such damages sought to be recovered."

There was no compliance with this requirement, and nothing else indicating that the prayer for judgment included anything more than the pleaders' assertion of the necessary injury sustained. Without considering whether the Missouri statute continued to apply after the removal of the cause, it is fair to say that the omission to comply with it indicates that there was no intention upon the part of the plaintiffs, when the complaint was framed and filed, to claim more than compensatory damages.

A thorough consideration of the evidence adduced at the trial impels us to say, also, that it went no further in affording a basis for exemplary damages than the averments of the complainant. There was no substantial evidence fairly tending to show that the neglect of the defendant was wanton, willful, or malicious, or so reckless as to imply a conscious disregard of its civil obligations. When these conditions are absent, the punishment of passive neglect in the conduct of a lawful occupation by pecuniary imposition for the benefit of a private suitor beyond an award of just and fair compensation must have its origin in some legislative enactment. Extreme cases, appealing to the sympathies, but lacking the exceptional features mentioned, are apt to give rise to precedents that invade the province of the Legislature and tend to result in the unrestricted introduction of the doctrine of exemplary damages into the law of civil negligence.

We are of the opinion that error was committed in respect of the instructions, and this makes it unnecessary to consider the other matters assigned, as they may not arise at a subsequent trial.

The judgment is reversed, and the cause remanded for a new trial.